**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 18 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

KENNETH MARSHALL SILER, II,

Petitioner - Appellant,

v.

RON CHAMPION, Warden, Dick
Conner Correctional Center,

Respondent - Appellee.

No. 02-5042
(D.C. No. 98-CV-764-P)
(N.D. Oklahoma)

**ORDER AND JUDGMENT**   *

Before **KELLY** , **McKAY** , and **O'BRIEN** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Kenneth Marshall Siler, II, an Oklahoma inmate appearing pro se, seeks a certificate of appealability (COA) that would allow him to appeal from the district court's order denying relief on his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from the denial of a § 2254 habeas petition unless the petitioner first obtains a COA). Because Mr. Siler has not demonstrated "a substantial showing of the denial of a constitutional right," this court denies his request and dismisses the appeal. *Id.* § 2253(c)(2).

In 1997 Mr. Siler was convicted of second degree murder and feloniously pointing a firearm in connection with the shooting of his former girlfriend's sister. He was sentenced to forty-five years' imprisonment on the murder conviction and to five years' imprisonment on the firearm conviction, to be served consecutively. The convictions and sentences were affirmed on direct appeal.

Mr. Siler subsequently sought federal habeas relief on the same four propositions of error that were argued and rejected in his state appeal: (1) a Fifth and Fourteenth Amendment violation based on the prosecutor's use of Mr. Siler's post-arrest silence; (2) a violation of Oklahoma state law based on the prosecutor's use of "guilt-assuming" hypothetical questions during cross-examination of defense character witnesses; (3) a violation of Oklahoma state law based on the prosecutor's improper cross-examination of Mr. Siler's father; and (4) a due

process violation and deprivation of a fair trial based on the trial court's refusal to instruct the jury on second degree manslaughter. The district court denied Mr. Siler's habeas petition, rejecting his arguments for all four claims on the merits. Mr. Siler raises the same four grounds in his request for a COA.

As noted above, to obtain a COA Mr. Siler must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court denies a habeas petition on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Under 28 U.S.C. § 2254, a federal court may not grant a writ of habeas corpus on any claim that was adjudicated on the merits by a state court unless that adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2).

In Mr. Siler's case, the district court analyzed each of the claims under the appropriate standard and determined that his petition did not warrant habeas relief. After carefully reviewing Mr. Siler's application for a COA and opening brief, the

district court's disposition, and the record on appeal, we agree with the district court and conclude that Mr. Siler has not demonstrated that his habeas petition is deserving of further proceedings, debatable among jurists of reason, or subject to a different resolution on appeal.    *See Slack,* 529 U.S. at 484.  Accordingly, for substantially the same reasons as set forth in the district court's order filed on March 25, 2002, Mr. Siler's request for a COA is DENIED and his appeal is DISMISSED.

Entered for the Court


Terrence L. O'Brien
Circuit Judge
